LAW OFFICES OF

# DON TITTLE, PLLC
ATTORNEY AT LAW

LAKEWOOD TOWERS, SUITE 440
6301 GASTON AVENUE
DALLAS, TEXAS 75214

TELEPHONE: (214) 522-8400
FAX: (214) 389-1002
www.dontittlelaw.com
EMAIL: don@dontittlelaw.com

June 22, 2016

The Honorable Sam Sparks
UNITED STATES DISTRICT JUDGE
501 West 5th Street, Suite 4120
Austin, Texas 78701

Re:   *Burton George Bergman v. Stroman, et al*; Civil Action No. 1:15-CV-1042-SS

Dear Judge Sparks:

In their letter brief, Defendants Stroman and Chavez suggest that Texas equitable tolling principles would be applied in situations involving the identification of John Doe defendants after a judicial stay has been lifted and after the statute of limitations has run. After diligent research, Plaintiff has found no such case supporting Defendants' contention. Defendants cite only to cases that require the court to layer premise upon premise to reach their desired conclusion.

While it is true that the Texas statute of limitations is borrowed in § 1983 suits, and that this includes equitable tolling principles in certain specific situations, Texas law has defined narrowly those instances in which equitable tolling would apply.[1] Likewise, the equitable tolling statute set forth in § 16.064 of the TEX. CIV. PRAC. & REM. CODE is narrowly written and only applies to instances in which a claimant files suit in the wrong court and suit is dismissed for lack of jurisdiction. Since judicial stay is not yet recognized under Texas law as tolling statutes of limitations, it is, at best, uncertain as to whether limitations would be tolled by a stay in this § 1983 case.

As noted in both Plaintiff's and Defendants' letter briefs dated June 17, 2016, the Fifth Circuit construes narrowly the naming of John Doe defendants outside of the statute of limitations, and after diligent research, Plaintiff's counsel has found no cases that apply Texas equitable tolling in this context. Defendant is asking for an extension of the principles of equitable tolling into an area in which neither Texas nor federal law has ever extended it with respect to Texas law. While the courts might well go there at some point in the future, it has not yet been done. Plaintiff should not bear the risk of being the test case.

---

[1] "Equitable tolling applies in situations where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex.App.–Dallas 2005, no pet.) (citing *Czerwinski v. Univ. of Tex. Health Sch. Ctr. at Houston Sch. of Nursing*, 116 S.W.3d 119, 122-23 (Tex.App.-Hous. [14th Dist.] 2002, pet. denied).

Hon. Sam Sparks
June 22, 2016
Page 2


Lastly, the unpublished District Court opinion cited by Defendants is not applicable since the Mississippi equitable tolling statute in question has no corollary in Texas law. Neither the Texas equitable tolling statute nor the contours of Texas' common law doctrine of equitable tolling encompass the areas specifically described in the Mississippi statute.

Respectfully submitted,

 */s/ Don Tittle*

Don Tittle

cc:   Charles D. Olson
      Michael W. Dixon
      HALEY & OLSON, P.C.
      510 N. Valley Mills Dr., Suite 600
      Waco, Texas 76710

      Thomas P. Brandt
      Stephen D. Henninger
      FANNING, HARPER, MARTINSON,
         BRANDT & KUTCHIN, P.C.
      4849 Greenville Avenue, Suite 1300
      Dallas, Texas 75206